*1230 The opinion of the court was delivered by
McEnery, J.
The plaintiff brought this suit to recover damages against the defendant company for personal injuries inflicted upon his wife when she was leaving defendant’s train at Mansfield Junction.
The answer is a general denial, with a plea of contributory negligence on the part of defendant.
The case was tried by a jury and a verdict rendered in favor of plaintiff for $2000 damages. The defendant appealed from the judgment rendered thereon.
The plaintiff was a passenger on defendant’s train, and left the same at Mansfield Junction.
The evidence establishes the following facts: That the train was behind schedule time and stopped at the Junction a very short time —not sufficient for passengers to get on or off with safety; that Mrs. Oaruth used due diligence in the short time allowed her in leaving the train; that when she was on the car step, in the act of alighting, the train started and she was injured by being thrown, as the plaintiff declares, “between the fender and the end of the car, struck in the back and pitched forward.”
The testimony introduced to contradict this is negative in character. The train was in motion when the witness, Yarborough, assisted her from the step of the car, and it is probable that the car moved before he assisted Ser and inflicted the injury upon her. It is in evidence that she had received no fall and that she had been placed ¡in no situation to inflict an injury upon her before she entered defendant’s car. Immediately on reaching the ground she complained of being hurt. She was examined the next day by a physician and numerous bruises were found upon her body and located in such a manner as to be inflicted in the manner which the husband'describes. It would be a- very violent presumption to hold that these bruises were self-inflicted for the purpose of this suit, or to hold that her exclamation of being hurt was made for the same purpose. The law as announced, in the case of Adam vs. Railroad, decided at this term, is applicable to this, and it will be unnecessary to again go over the same ground.
We have some difficulty in fixing the amount of damage inflicted upon plaintiff’s wife. The evidence as to the results of the injury is unsatisfactory to us. We are unable to say whether the disease with *1231 which defendant is suffering is in consequence of this injury. We can go no further than to say that she was bruised and undoubtedly temporarily suffered.
The amount of damages allowed by the jury is excessive.
We can scarcely distinguish this case from the case of Odom vs. Railroad, either in the facts or the injury inflicted upon plaintiff’s wife.
We will therefore fix the damages at $500.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reduce the amount of damages to the sum of five hundred dollars ($500). In other respects it is affirmed; plaintiff to pay costs of appeal.